IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

THE ORIGINAL HONEYBAKED HAM COMPANY OF GEORGIA, INC.,

    Defendant.

**COMPLAINT AND JURY TRIAL DEMAND**

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a), against Defendant The Original HoneyBaked Ham Company of Georgia, Inc. ("Defendant") to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Wendy Cabrera, and a class of female employees, who were adversely affected by such practices. The Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant discriminated against Wendy Cabrera, and a class of female employees, when it subjected them to sexual harassment sufficient to constitute a hostile work environment because of their sex, female. The EEOC further alleges that Defendant retaliated against Wendy Cabrera, and a class of female employees, when it terminated Cabrera and others because they complained about the harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 703(a), 704, 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2(a), 2000e-3, 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Colorado.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, The Original HoneyBaked Ham Company of Georgia, Inc. ("Defendant" or "Employer"), a Georgia Corporation, has continuously been, and continues to be, engaged in business in the State of Colorado, and has continuously employed, and continues to employ, at least fifteen (15) employees.

5. At all relevant times, Defendant The Original HoneyBaked Ham Company of Georgia, Inc. has continuously been, and continues to be, an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e(b), (g) and (h).

## GENERAL ALLEGATIONS

6. More than thirty days prior to the institution of this lawsuit, Wendy Cabrera filed charges with the Commission alleging violations of Title VII by Defendant.

7. EEOC provided Defendant with notice of the charges of discrimination.

8. EEOC investigated the charges of discrimination.

9. Based on evidence adduced during the Commission's investigation, the EEOC issued a determination finding reasonable cause to believe that Defendant had engaged in certain unlawful employment practices identified in the determination.

10. The Commission's determination included an invitation for Defendant to join the Commission in informal methods of conciliation in an attempt to eliminate and remedy the alleged unlawful employment practices.

11. As part of the conciliation process, the Commission provided to the Defendant an initial proposal detailing the types of relief the Commission felt were necessary to eliminate and remedy the alleged unlawful employment practices.

12. The Commission and Defendants were unable to reach an agreement on relief through the conciliation process.

13. Following the EEOC's unsuccessful conciliation efforts, the Commission sent notice to the Defendants that conciliation had failed.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

15. Wendy Cabrera was initially hired by Defendant for the Parker, Colorado store on or about December of 2007.

16. In May, 2008, Cabrera was promoted to Store Manager and transferred to the Aurora, Colorado store where she first came under the authority of District Manger Donna Wagner-Rego in January, 2009.

17. In September, 2009, Cabrera was assigned to Store Manager at the Highlands Ranch Store, where the following Title VII violations prompting this lawsuit took place.

18. When Cabrera first took leadership of the Highlands Ranch Store in April of 2009, the General Manager was Deana MacKean and the District Manger was Wagner-Rego.

19. In March of 2010, Defendant replaced MacKean with James Jackman as the General Manger over the Highlands Ranch store.

20. From at least March, 2010 and possibly earlier, Jackman subjected female employees at the Highlands Ranch, and other HoneyBaked Ham stores under his supervision, to, *inter alia*, pervasive sexually degrading comments and unwanted touching:

   a. Jackman frequently solicited female employees, including Cabrera, for sexual intercourse;

   b. Jackman frequently asked female employees, including Cabrera, if he could compensate to watch them have sexual intercourse with each other or their boyfriends;

   c. Jackman frequently intimated to female employees, including Cabrera, that they were lesbians, and inquired is he could compensate them to watch them have sex;

   d. Jackman frequently touched and fondling female employees against their will and despite their persistent protests;

   e. Jackman on a daily basis licked his fingers and then inserted the lubricated tips

4

    into female employees' ears, a practice known as "wet willies;"

 f. Jackman asking female employees if they would "make babies" with him;

 g. Jackman continuously flirted with female employees;

 h. Jackman frequently used graphic and pejorative language and epithets to describe female customers;

 i. Jackman frequently commented on the bodies of female employees, including Cabrera;

 j. Jackman describing in intimate detail to female employees, including Cabrera, how he previously engaged in sexual intercourse with female employees at his prior work places;

 k. Jackman complained to employees, including Cabrera, that he would not hire blond applicants because he could not control himself in their presence.

21. Upon information and belief, Jackman sexually harassed other female employees throughout the time Jackman was employed by HoneyBaked Ham.

22. On or about March 24, 2010, Cabrera confronted Jackman about complaints of sexual harassment from subordinate employees.

23. On or about March 24, 2010, Jackman called Wagner-Rego to complain about Cabrera.

24. On or about April 8, 2010 Jackman, Wagner-Rego, and Cabrera met and Wagner-Rego chastised Cabrera for poor personnel hires.

25. On or about April 9, 2010, Jackman disciplined Cabrera and placed her on a ninety (90) day development training program.

5

26. On or about April 12, 2010, because of ongoing sexual harassment, Cabrera asked fellow Littleton Store Manager Melissa Gunther to call Defendant's Headquarters and report Jackman's conduct to Human Resources.

27. On or about April 14, 2010, Human Resources Representative Mike Costello called Cabrera from Georgia Headquarters regarding her complaint of sexual harassment.

28. On or about April 28, 2010, Jackman accused Cabrera of store email impropriety and threatened to have her discharged.

29. On or about April 28, 2010, Cabrera called Costello and discussed her concern that she was being retaliated against and would shortly be fired because she had made a sexual harassment complaint against Jackman.

30. On or about May 2, 2010, when Cabrera was checking the Highlands Ranch store computer she discovered draft documents requesting her discharge. Cabrera emailed these forms to Costello and others at Defendant's Headquarters and again warned that she feared she was being retaliated against for her sexual harassment complaint.

31. On or about May 3, 2010, Cabrera was discharged from Defendant's employ. When she called Costello to inform him of her termination, Costello informed Cabrera that she was not fired for her complaint and called her "honey." He provided Cabrera with no further explanation for her discharge.

32. Upon information and belief, Defendant, acting through Jackman and other managers, retaliated against other women who complained about sexual harassment.

## FIRST CLAIM FOR RELIEF

[Sexual Harassment – 42 U.S.C. § 2000e-2(a)]

33. The allegations contained in the forgoing are hereby incorporated by reference.

34. Since at least March, 2010, if not earlier, Defendant engaged in unlawful employment practices in the State of Colorado, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

35. Since at least March, 2010, Defendant has unlawfully treated female employees less favorably than their male counterparts.

36. Since at least March, 2010, Defendant has subjected Cabrera, and a class of female employees, to sexual harassment severe and pervasive enough to constitute a hostile work environment, because of their sex, female.

37. Upon information and belief, throughout the period of Jackman's employment by Defendant, female employees who worked with Jackman were subjected to a sexually hostile work environment.

38. The effect of the practices complained of in the forgoing paragraphs has been to deprive Wendy Cabrera and a class of female employees of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex, female.

39. The unlawful employment practices complained of in the forgoing paragraphs were intentional.

40. The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to the federally protected rights of Cabrera and a class of female employees.

## SECOND CLAIM FOR RELIEF
[Retaliation – 42 U.S.C. § 2000e-3(a)]

41. The allegations contained in the forgoing are hereby incorporated by reference.

42. Since at least March, 2010, if not earlier, Defendant has engaged in unlawful employment practices in the State of Colorado, in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3(a) by retaliating against Cabrera and a class of female employees.

43. Since at least March, 2010, if not earlier, Cabrera and a class of female employees engaged in protected activity under §704 of Title VII, 42 U.S.C. §2000e-4(a), by opposing what they reasonably believed was an unlawful discriminatory employment practice based on gender.

44. Cabrera and other female employees complained to Jackman, Wagner-Rego, and Defendant's Headquarters about the sexually hostile work environment they were subjected to.

45. Defendant did not take appropriate action in response to these complaints.

46. Instead, Defendant, acting through its managers and supervisors, retaliated against Cabrera and a class of female employees by disciplining, discharging, and otherwise penalizing employees for engaging in protected activity.

47. Upon information and belief, throughout the period of Jackman's employment by HoneyBaked Ham, Defendant retaliated against other female employees who complained about sexual harassment.

48. The effect of the practices complained of in the forgoing paragraphs has been to deprive Wendy Cabrera and a class of female employees of equal employment opportunities and otherwise adversely affect their status as employees, because they engaged in protected activity.

49. The unlawful employment practices complained of in the forgoing paragraphs were intentional.

50. The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to the federally protected rights of Cabrera and a class of female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in unlawful discrimination on the basis of sex and retaliation.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and for employees who oppose discrimination, and which eradicate the effects of Defendant's past and present unlawful employment practices.

C.     Order Defendant to make whole Wendy Cabrera, and a class of female employees, by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, including but not limited to reinstatement or front-pay in lieu of reinstatement.

D.     Order Defendant to make whole Wendy Cabrera, and a class of female employees, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendants to make whole Wendy Cabrera, and a class of female employees, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F. Order Defendant to make whole Wendy Cabrera, and a class of female employees, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character or reputation, anxiety, and humiliation, in amounts to be determined at trial.

G. Order Defendant to pay Wendy Cabrera, and a class of female employees, punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

J. Grant such further relief as the Court deems necessary and proper in the public interest.

K. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: September 29, 2011

RESPECTFULLY SUBMITTED

P. DAVID LOPEZ
General Counsel

GWENDOLYN REAMS
Associate General Counsel

EQUAL EMPLOYMENT
      OPPORTUNITY COMMISSION
131 M Street NE, 5TH Floor
Washington, D.C. 20507-0004

MARY JO O'NEILL
Regional Attorney
Phoenix District Office

RITA BYRNES KITTLE
Supervisory Trial Attorney

/s/ *Iris Halpern*
IRIS HALPERN
Trial Attorney
(303) 866-1374
iris.halpern@eeoc.gov

EQUAL EMPLOYMENT
      OPPORTUNITY COMMISSION
Denver Field Office
303 East 17th Avenue, Suite 410
Denver, Colorado 80203
FAX: (303) 866-1375

**PLEASE NOTE:**

**For purposes of service upon the EEOC, it is sufficient that pleadings, notices, and court documents be served upon the Trial Attorneys. Duplicate service is not required on the General Counsel and Associate General Counsel in Washington, D.C.**