**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-02560-MSK-MEH

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

      Plaintiff,

and

WENDY J. CABRERA,

      Plaintiff-Intervenor,

v.

THE ORIGINAL HONEYBAKED HAM COMPANY OF GEORGIA, INC.,

      Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

This matter comes before the Court on the parties' Stipulated Motion for Entry of Protective Order. The Court has reviewed that Motion. The parties have shown good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information. Therefore, IT IS ORDERED:

1.     This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, responses to requests for production, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.     As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.      Information designated "CONFIDENTIAL" shall be information that implicates common law and statutory privacy and/or confidentiality interests, including but not limited to: (a) personnel records of current or former employees of Defendant; (b) Defendant's trade secrets, proprietary information, and commercial or financial information that are either privileged or confidential; (c) aggrieved individuals' or other witnesses' or employees' personal information, including but not limited to all medical, financial, or tax records, or other private information. CONFIDENTIAL information shall not be disclosed or used for any purpose except for the preparation and trial of this case.

4.      CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

   a.  attorneys actively working on this case;

   b.   persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   c.  the parties, including the designated representatives for Defendant;

   d.  expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

   e.  the Court and its employees ("Court Personnel");

   f.   stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

   g.  deponents, allegedly aggrieved individuals, witnesses, or potential witnesses;  and

h.   other persons by written agreement of the parties.

5.      Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, deponents, and stenographic reporters), counsel shall explain the person's obligations under the Protective Order, and obtain the person's verbal agreement to comply with the Protective Order. To preserve confidentiality, any Counsel who provides any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, deponents, and stenographic reporters) shall ensure that said person does not retain a copy of the confidential document on a permanent basis, and instead returns that CONFIDENTIAL information to counsel.  Prior to being provided with CONFIDENTIAL information, any aggrieved individual, expert witnesses and consultants retained in connection with this proceeding by either party, must sign "Exhibit A, Agreement to Abide by Stipulated Protective Order," attached hereto.

6.      The provisions of this Order shall continue to be binding throughout and after the termination of this action, including, without limitation, any appeals. If any counsel has provided any deponent, aggrieved individual, witness, or potential witness with any CONFIDENTIAL information, such counsel will ensure that those individuals have returned the CONFIDENTIAL information to counsel within sixty (60) days after the parties receive notice of the entry of an order, judgment or decree finally disposing of all litigation in which CONFIDENTIAL information was disclosed.

7.      Counsel may designate documents, CONFIDENTIAL, by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

8.      Before any information is designated "CONFIDENTIAL," counsel of record for the

designating party must first review the information and make a determination, in good faith, that the documents and/or information are confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c).

9.      When filing any documents that contain information designated Confidential Discovery Material, such documents shall be filed in accordance with the requirements of D.C.COLO.L.Civ.R 7.2.

10.      Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within forty-five(45) days after notice by the court reporter of the completion of the transcript, by written notice from counsel to the court reporter and counsel of record for all other parties, specifying by page and line number the material to be designated CONFIDENTIAL. Counsel shall direct the court reporter to affix the appropriate confidentiality stamp to any portion of the original transcript, and to that portion of all copies of the transcript.

11.      A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  The party designating the information as CONFIDENTIAL Information will meet and confer with the other parties, pursuant to the requirements of D.C.COLO.L.Civ.R 7.1(A), prior to filing a motion with the Court.  If the parties cannot resolve the objection within fifteen (15) days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate

motion, within thirty (30) days after the time the notice is received, requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

12.     In the event additional parties join or are joined in this action, or additional or different counsel enter an appearance, they shall also be subject to the terms of this Order.

13.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED this 16th day of March, 2012, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

**AGREED AND APPROVED:**

/s/ Iris Halpern

Iris Halpern
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
303 East 17th Avenue, Suite 410
Denver, CO80203
Telephone: 303.866.1378
iris.halpern@eeoc.gov

William E. Moench
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
303 East 17th Avenue, Suite 410
Denver, CO80203
Telephone: 303.866.1378
william.moench@eeoc.gov


ATTORNEYS FOR PLAINTIFF

/s/ Angelo Spinola

Angelo Spinola
Georgia Bar No.: 672191
RLINK"mailto:aspinola@littler.com"aspinola
@littler.com
*(admitted pro hac vice)*
Benson Pope
Georgia Bar No.: 583730
bpope@littler.com
*(admitted pro hac vice)*

LITTLER MENDELSON, P.C.
A Professional Corporation
3344 Peachtree Road N.E.
Suite 1500
Atlanta, GA  30326.4803
Telephone:  404.233.0330


Danielle L. Kitson
Colorado Bar No. 34159
dkitson@littler.com

/s/ Kent Eichstadt

Kent Eichstadt
MCCURDY & EICHSTADT, P.C.
9085 East Mineral Circle
Suite 380
Centennial, CO80112-3462
Telephone:  303.832-8870
eichstadt@mccurdy-eichstadt.com

Katherine S. Dix
Colorado Bar No. 36773
kdix@littler.com


LITTLER MENDELSON, P.C.
1900 16th Street
Suite 800
Denver, CO  80202.5835
Telephone: 303.629.6200


ATTORNEY FOR PLAINTIFF-INTERVENOR

ATTORNEYS FOR DEFENDANT

**EXHIBIT A – AGREEMENT TO ABIDE BY STIPULATED PROTECTIVE ORDER**

I, _____, declare that:

1.      My address is _____.

2.      I have read and know the contents of the Stipulated Protective Order in the above-entitled action.

3.      I understand that I am bound by the terms of the Stipulated Protective Order.

4.      I shall, upon being notified of the termination of the above-entitled action, return all copies of Confidential Information to counsel from whom I received such Confidential Information.

5.      I subject myself to the continuing jurisdiction of the above-captioned Court over my person, wherever I shall be, for the enforcement of the Stipulated Protective Order.

6.      I declare under penalty of perjury under laws of the United States of America that the forgoing is true and correct.

Dated this __ day of _____, 20__.       _____