IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02560-MSK-MEH

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

WENDY CABRERA,

    Intervenor Plaintiff,

v.

THE ORIGINAL HONEYBAKED HAM COMPANY OF GEORGIA, INC.,

    Defendant.

---

## ORDER ON MOTION TO QUASH

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion to Quash Subpoenas and for Issuance of Protective Order [filed January 27, 2012; docket #33]. The motion is referred to this Court for disposition. (Docket #35.) The matter is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons that follow, the Court **GRANTS IN PART, DENIES IN PART AND DENIES WITHOUT PREJUDICE IN PART** the Plaintiff's motion.

**I.    Background**

Plaintiff Equal Employment Opportunity Commission (EEOC) brings claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, alleging Defendant subjected a class of female employees to sexual harassment, and retaliated against such employees when they complained about the harassment. Docket #6 at 1. On November 20, 2011, this Court granted Wendy Cabrera leave to intervene in this action. Docket #9. Defendant responded to both the Amended Complaint and the Intervenor Complaint by filing Answers on

January 6, 2012. Discovery commenced with the Scheduling Order issued December 20, 2011.

In the present motion, Plaintiff contests Defendant's issuance of subpoenas for the production of documents on the following entities: (1) Nordstrom, Inc., (2) Macy's, Inc., (3) Brinker Restaurant Corporation, d/b/a Chili's Grill & Bar, (4) Dillon Companies, d/b/a King Soopers, (5) Robert Russell Eastern Star-Masonic Center of Colorado, Inc. d/b/a Eastern Star Masonic Center, (6) CommonWorks d/b/a Community Intersections, (7) Dickinson Financial Corporation d/b/a Academy Bank, N.A., and (8) Great Clips, Inc. These entities are prior and subsequent employers of certain employees represented by the EEOC in this action. Plaintiff contends that the documents Defendant seeks contain private and confidential information, including salary and personnel records and medical information, and are "well beyond an appropriate durational scope," dating back more than a decade in some circumstances. Plaintiff states that it has already produced (or agreed to produce) W-2 forms and medical records to the Defendant, and claims that Defendant's subpoenas are, thus, unnecessary and overbroad.

In opposing the motion, Defendant argues the EEOC does not have standing to quash the subpoenas; the subpoenas seek information well within the scope of Rule 26; the aggrieved employees are seeking substantial monetary damages in future wages and emotional distress and, thus, have placed their compensation and medical status at issue in this case; any purported privacy concerns are obviated by Defendant's proposed protective order; and third-party discovery is necessary because the aggrieved employees have not (and will not) provide direct responses to Defendant's discovery requests.

Plaintiff counters that back pay is not sought for all employees; thus, Defendant's requests for compensation information are irrelevant. Moreover, Plaintiff repeats that it has already agreed to produce medical information for all aggrieved employees from 2004 to the present, and states that

it will produce all documents necessary to corroborate income and mitigation efforts as well as criminal histories and all prior complaints of discrimination and/or retaliation by the aggrieved employees; thus, according to Plaintiff, Defendant's subpoenas are duplicative and unnecessary. Plaintiff asserts also that it has agreed to all but one paragraph of a protective order, but it is Defendant's obligation to file a motion for approval. Plaintiff further contends that Defendant seeks irrelevant information in failing to delineate between employees claiming back pay damages and those not claiming such damages when seeking information concerning after-acquired evidence and mitigation defenses. Moreover, Plaintiff repeats that it has standing to assert and protect the privacy interests of the aggrieved employees and, thus, has standing to challenge the subpoenas. Finally, Plaintiff argues Defendant misstates this Court's earlier ruling regarding whether each aggrieved employee should be required to respond to discovery requests.

## II.    Analysis

Plaintiff seeks an order quashing the challenged subpoenas. Plaintiff's request is governed by Fed. R. Civ. P. 45.[1] At the outset, the Court notes that, to the extent the present motion seeks to quash or modify a subpoena issued through any district other than the District of Colorado, this Court must deny such request without prejudice. Pursuant to Rule 45(c)(3)(A), only "*the issuing court*" may quash or modify a subpoena (emphasis added). *See, e.g., In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) (only the issuing court has the power to act on its subpoenas); *In re Digital Equipment Corp.*, 949 F.2d 228, 231 (8th Cir. 1991) (court in district where underlying action was pending did not have jurisdiction to rule on objections to deposition subpoenas obtained in another district). "Subpoenas are process of the issuing court, and nothing in the rules even hints that any other court may be given the power to quash or enforce them." *In re Sealed Case*, 141 F.3d

---

[1]Although the Plaintiff does not mention Rule 45 in its briefing, the Defendant construes Plaintiff's request pursuant to Rule 45 and the Plaintiff does not dispute such construal.

at 341 (citations omitted). Accordingly, the court where the action is pending lacks jurisdiction to rule on subpoenas issued from other courts, unless there is a transfer or remittance of the matter from the issuing court. *See In re Digital Equipment Corp.*, 949 F.2d at 231. Consequently, pursuant to Rule 45, this Court lacks jurisdiction to consider modifying or quashing the subpoena issued from the United States District Court for the Western District of Missouri to Dickinson Financial Corporation d/b/a Academy Bank, N.A. (*See* Plaintiff's Exhibit 7, docket #34 at 35-39.) Plaintiff's motion is denied without prejudice in this respect.

Regarding the remaining subpoenas, Defendant argues the Plaintiff has no standing to seek a protective order or to quash these third-party subpoenas. In this district, a party has no standing to quash a subpoena served on a third party, except as to claims of privilege or upon a showing that a privacy issue is implicated. *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997) ("[a]bsent a specific showing of a privilege or privacy, a court cannot quash a subpoena duces tecum"); *see also Broadcort Capital Corp. v. Flagler Secs., Inc.*, 149 F.R.D. 626, 628 (D. Colo. 1993). Objections unrelated to a claim of privilege or privacy interest are not proper bases upon which a party may quash a subpoena. *Windsor*, 175 F.R.D. at 668; *see also Oliver B. Cannon & Son, Inc. v. Fidelity & Cas. Co. of New York*, 519 F. Supp. 668, 680 (D.C. Del. 1981) (movant lacks standing to raise objections unrelated to any right of privilege). In this case, the Plaintiff EEOC argues that it has standing to protect the privacy of the aggrieved employees it represents. The Court agrees that the Plaintiff enjoys this limited standing upon which to challenge the Defendant's third-party subpoenas.

The Court also agrees with Plaintiff that Defendant's subpoenas seek information that may be considered "private," such as compensation (including benefits) and medical information.[2]

---

[2]In fact, the Stipulated Protective Order in this case designates the aggrieved employees' "medical, financial or tax records or other private information" as "CONFIDENTIAL" information.

4

Defendant contends in its response brief that any privacy concerns the Plaintiff may have for the aggrieved employees would be remedied by the issuance of a protective order. At the time the Plaintiff's reply brief was filed, Plaintiff informed the Court that it had agreed, upon the entry of a protective order, to produce certain medical information.

Since that time, the Court has issued a Stipulated Protective Order at the joint request of the parties. With such protection in place, the Court sees no need for the Plaintiff to withhold certain compensation (including benefits) and medical information the Defendant seeks. At the same time, the Court sees no reason for the Defendant to seek any such duplicate information through third-party subpoenas from prior or subsequent employers. Defendant's concern that it may not receive discovery directly from the aggrieved employees can be addressed by this order (as set forth below), or by separate motion.

Plaintiff also objects that Defendant's requests for private information are irrelevant and overbroad in durational scope. The Court broadly construes relevancy, and a request for discovery should be considered relevant if it is possible that the information sought may be relevant to the claim or defense of any party. *Bonanno v. Quizno's Franchise Co.*, 255 F.R.D. 550, 552 (D. Colo. 2009). When the requested information appears to be relevant, the party objecting to the discovery has the burden to establish the information is irrelevant by demonstrating the information does not come within the scope of relevance as defined by Fed. R. Civ. P. 26(b)(1), or is of such marginal relevance that the harm in producing the information outweighs the presumption in favor of broad disclosure. *Id.*; *see also Simpson v. Univ. of Colorado*, 220 F.R.D. 354, 359 (D. Colo. 2004). "Conversely, when the request is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." *Hammond v. Lowe's Home Ctrs Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003); *see also Bonnano*, 255 F.R.D. at 553.

In some of the subpoenas challenged here, Defendant seeks personnel information dating back to 1998 and to 2003. *See* Exh.2 and Exh. 5, docket #34 at 10-14 and 25-29. The Court finds relevance is not readily apparent for such information dating back nine to fourteen years. Defendant's primary argument supporting its requests is that the Plaintiff is seeking monetary damages in large amounts in this case. While this argument might support a request for discovery concerning subsequent employment (for purposes of seeking mitigation information), it does not persuade the Court in this instance. Defendant's contention that such dated information "may" be relevant to an after-acquired evidence defense or "may" demonstrate an alternative source of emotional distress inches over the line into a "fishing expedition" barred by the applicable rules.

Therefore, the Court will grant in part and deny in part the Plaintiff's motion to quash subpoenas and for protective order as follows. The Court orders the Plaintiff to produce to the Defendant (to the extent they have been requested in discovery) otherwise private information and documents concerning compensation and benefits (for the aggrieved employees seeking recovery of lost wages) and concerning health or medical issues (for the aggrieved employees seeking damages for emotional distress) that Plaintiff has in its possession, custody and control by and for the aggrieved employees, dated 2004[3] to the present. This information will be subject to the Stipulated Protective Order now in place. In addition, the Court will quash the Defendant's currently issued subpoenas issued from this Court (which indisputably contain requests for private information), but grant Defendant leave to re-issue third-party subpoenas, if necessary, for non-private information concerning the aggrieved employees.

Accordingly, the Court **GRANTS IN PART, DENIES IN PART, AND DENIES WITHOUT PREJUDICE IN PART** the Plaintiff's Motion to Quash Subpoenas and for Issuance

---

[3]The Plaintiff has already agreed to produce medical information dating back to 2004.

of Protective Order [filed January 27, 2012; docket #33] as set forth herein.

Dated at Denver, Colorado, this 19th day of March, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge