IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02560-MSK-MEH

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

WENDY CABRERA,

    Intervenor Plaintiff,

v.

THE ORIGINAL HONEYBAKED HAM COMPANY OF GEORGIA, INC.,

    Defendant.

## ORDER ON MOTION TO COMPEL

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion to Compel [filed March 24, 2012; docket #55]. The motion is referred to this Court for disposition. (Docket #56.) The matter is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons that follow, the Court **grants in part** and **denies in part** the Plaintiff's motion.

**I.**     **Background**

Plaintiff Equal Employment Opportunity Commission (EEOC) brings claims of sexual harassment and hostile environment and retaliation under Title VII of the Civil Rights Act of 1964, as amended, alleging Defendant subjected a class of female employees to sexual harassment, and retaliated against such employees when they complained about the harassment.

In the present motion, Plaintiff contests Defendant's refusal to provide the names of all employees in Defendant's "District 8," which comprises 15 stores in Colorado, Utah, and Nevada. Plaintiff states that it needs these names in order to determine both potential victims and potential

witnesses. Defendant argues that the original EEOC investigation "was confined to one Charge of Discrimination brought by Plaintiff-Intervenor Wendy Cabrera . . . pertaining to the alleged behavior of [Highlands Ranch, Colorado General Manager] Mr. Jackman." Response at 2. That was the matter for which conciliation was attempted (and failed). The number of allegedly aggrieved females has since grown to seventeen (17) based upon discovery in this case. Plaintiff suspects that if it interviews more current and former employees, the list will grow. Defendant counters that the EEOC may not use discovery to expand its class of aggrieved persons, in large part due to an exhaustion-of-remedies type doctrine that requires the EEOC to investigate, issue a reasonable cause determination, and conciliate claims before a federal lawsuit can be filed.

> Thus, "[i]n the Equal Employment Opportunity Act of 1972, Congress established an integrated, multistep enforcement procedure culminating in the EEOC's authority to bring a civil action in a federal court." *Occidental Life Ins. Co.*, 432 U.S. at 359 (internal footnote omitted). First, an employee files with the EEOC a charge "alleging that an employer has engaged in an unlawful employment practice." *Id.* Second, "[t]he EEOC is then required to investigate the charge and determine whether there is reasonable cause to believe that it is true." *Id.* If reasonable cause does exist, the EEOC moves to the third step, which attempts to remedy the objectionable employment practice through the informal, nonjudicial means " 'of conference, conciliation, and persuasion.' " *Id.* (quoting 42 U.S.C. § 2000e–5(b)). However, if unsuccessful, the EEOC may move to the fourth and final step and bring a civil action to redress the charge. *Id.* at 359–60 (quoting 42 U.S.C. § 2000e–5(f)(1)).

*E.E.O.C. v. CRST Van Expedited, Inc.*, __ F.3d __, 2012 WL 1583026, 7 -8 (8th Cir. May 8, 2012). *CRST* and other federal cases stand for the clear proposition that the EEOC "'may not use discovery in the resulting lawsuit "as a fishing expedition"'" to uncover more violations.'" *Id.* At 10 (citations omitted). In its reply, the EEOC counters that there are other reasons why it needs the information, including disclosure of witnesses to the alleged discrimination/retaliation, establishing Defendant's intent, and gleaning information to rebut any potential *Faragher/Ellerth* defense.

The EEOC has stated that it has "identified 17 female victims (collectively the 'aggrieved

individuals'),"  including Plaintiff-Intervenor Wendy Cabrera, who were subjected to "graphic sexual comments and unwanted touching." Motion at 3. I find that the requested discovery is appropriate for the stores in which those individuals worked.

Therefore, I hold that (1) the EEOC's case is limited to those aggrieved individuals it had identified as of the deadline set in this case, April 30, 2012; (2) the EEOC must disclose to Defendant on or before June 4, 2012 the names of all aggrieved individuals who wish to participate in this lawsuit; and (3) Defendant shall produce on or before June 18, 2012 the names of all individuals employed in the stores in which those participating, aggrieved individuals worked (for the time period from January 1, 2009 to the present). I do not find that discovery as to other stores is warranted, nor should the EEOC be permitted to expand its list of aggrieved individuals beyond those identified as of April 30, 2012, in light of the principle that the federal lawsuit discovery process should not be the means by which the EEOC uncovers additional violations. Moreover, I do not, by this Order, permit claims to be brought by any other aggrieved person beyond Ms. Cabrera. The proper scope of this lawsuit is an issue for Judge Krieger to decide. I only find that for discovery purposes, inquiry may be made regarding potential witnesses to the alleged discrimination or retaliation at certain stores (if, indeed, there be more than one store that fits the description above).

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** the Plaintiff's Motion to Compel [filed March 24, 2012; docket #55] as set forth herein.

Dated at Denver, Colorado, this 25th day of May, 2012.

                BY THE COURT:

                *Michael E. Hegarty*

                Michael E. Hegarty
                United States Magistrate Judge