IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02560-MSK-MEH

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

WENDY CABRERA,

    Intervenor Plaintiff,

v.

THE ORIGINAL HONEYBAKED HAM COMPANY OF GEORGIA, INC.,

    Defendant.

---

**ORDER ON PLAINTIFF EEOC'S SECOND MOTION TO COMPEL**

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff EEOC's Second Motion to Compel [filed May 11, 2012; docket #84]. The motion is referred to this Court for disposition. (Docket #85.) The matter is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons that follow, the Court **grants in part** and **denies in part** the Plaintiff's motion.

**I.**    **Background**

The Court has previously outlined the nature of this case. Generally, the EEOC alleges claims of sexual harassment/hostile environment and retaliation under Title VII of the Civil Rights Act of 1964, as amended. Its original claim at the administrative level involved one complainant who alleged a sexually hostile work environment against one supervisor (James Jackman, the general manager of one of Defendant's stores in Highlands Ranch, Colorado) for a two-month period, March to May 2010, along with an allegation of retaliation against the Defendant for her termination. Subsequent to the administrative proceedings, the EEOC's allegations have since

grown to approximately 18 women (including the original complainant, Wendy Cabrera) who suffered sex harassment. The EEOC seeks compensatory and punitive damages. In the present motion, Plaintiff contests Defendant's refusal to provide a myriad of information and documents, which the Court addresses below.

**Interrogatory Nos. 5 and 8 and Request for Production No. 5**

In Interrogatory No. 5, the EEOC seeks "all employee complaints received, responded to, handled, investigated, resolved, or *inter alia*, otherwise managed, assigned to or by, or attended to by Mike Costello." Mr. Costello is Defendant's Human Resources Manager, responsible for the company's 103 retail stores. The Court understands that the EEOC has since restricted its inquiry to complaints of sexual harassment, gender discrimination, hostile work environment, and retaliation. In Interrogatory No. 8, the EEOC seeks similar information concerning complaints originating in any stores in District 8 (the States of Colorado, Utah and Nevada). Both interrogatories seek information from January 1, 2007 to the present. In Request for Production No. 5, the EEOC seeks documents relating to complaints.

I have previously limited certain discovery in this case to those stores in which the currently identified 18 aggrieved individuals worked. I do not believe that the scope of discovery requested herein should extend beyond that limit. Plaintiff is entitled to discovery of complaints of sexual harassment, sexually hostile work environment, and retaliation originating in those stores for the period 2009-2010. The information to be provided is: the name of complainant and the nature of the complaint (written or oral), the date of the complaint, the store the complainant worked in, the person to whom the complaint was made, Mr. Costello's level of responsibility in handling the complaint (if any), and the Defendant's actions (if any) in response to the complaint. If the Defendant has documentation concerning such complaints, it should be produced as well.

**Request for Production No. 3**

This request seeks the personnel files for certain supervisors. The parties' dispute is now limited to Tim Franklin and Long Armstrong. Franklin was the District 8 Manager. Armstrong was a General Manager in District 8. The currently operative Complaint in this case identifies Armstrong as having engaged in sexual harassment. His relevant personnel file information should be produced. The EEOC alleges that Franklin was Armstrong's supervisor, from which the EEOC concludes that he is "directly implicated" in the allegations. I do not see the direct implication. To suggest that a supervisor *ipso facto* knows everything a subordinate does is, of course, wrong. The EEOC offers no other justification for Franklin's personnel file. I find that the EEOC has not met its burden of establishing the relevance of it.

**Request for Production No. 6**

This request seeks information concerning Defendant's net worth, for purposes of the EEOC arguing an appropriate level of punitive damages (if Judge Krieger permits such a claim to be tried). The EEOC alleges that a prior decision of mine, which denied the EEOC's request for net worth information, *EEOC v. Dillon Companies, Inc.*, 09-cv-02237-RBJ-MEH, was wrongly decided and should be ignored in deciding this issue. I disagree. However, this case is fundamentally different than *Dillon Companies*, which, by the EEOC's own allegations, involved one individual employed as a courtesy clerk in a single supermarket, who was allegedly harassed by a head clerk and an acting store manager. The current case, if allowed to proceed under the EEOC's terms, involves up to 18 employees, some of whom were high level managers within the company's stores (including store manager), and the alleged participation in the retaliation extends to company-wide managers. The facts of a case are what determines the appropriate scope of discovery. The facts in this case provide more of a justification for net worth information than *Dillon Companies*. As requested in

the EEOC's reply, Defendant may, in its discretion, produce evidence of its choosing (including a simple calculation of total assets minus total liabilities) evidencing accurately its net worth for the years 2010 and 2011.  Absent further court order, this information shall be produced *for attorney's eyes only* and must be strictly protected from any disclosure by counsel for the EEOC.  Such information is obviously relevant only if this case goes to trial and then, only if Judge Krieger permits a prayer for punitive damages to go forward.  At such time, Judge Krieger can determine what evidence may be submitted to the factfinder.

**Request for Production No. 8**

This request seeks "score cards of all Assistant Store Managers, Store Managers, General Managers, District Managers, Regional Managers, Director of Stores, and all other supervisors and/or managers" in District 8 from January 1, 2007 to present.  Defendant objects to the term "score cards," asserting that this term is not used by the Defendant.  The Court agrees that the EEOC's request is too vague, but the parties both know that the request seeks performance evaluations.

I believe Defendant should produce performance evaluations for store managers in District 8 for the period 2007-2010.  The period of production fairly encompasses a longer period of time than the Court's decision with regard to complaints, because a performance appraisal in a given year may not have repercussions until the following year or later.  The geographic scope of the production (encompassing all stores in District 8) is appropriate because the request seeks comparator information primarily for Ms. Cabrera, who was a store manager and who reasonably reported to district-wide supervisory personnel.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** the Plaintiff EEOC's Second Motion to Compel [filed May 11, 2012; docket #84] as set forth herein.

Dated at Denver, Colorado, this 18th day of July, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge