IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02560-MSK-MEH

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

WENDY CABRERA,

    Intervenor Plaintiff,

v.

THE ORIGINAL HONEYBAKED HAM COMPANY OF GEORGIA, INC.,

    Defendant.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is a Motion by Defendant HoneyBaked Ham and "Third Party" James Jackman for an Order Allowing Mr. Jackman to Attend the Depositions of Allegedly Aggrieved Individuals [filed August 10, 2012; docket #143]. The motion is referred to this Court for disposition. (Docket #144.) The matter was briefly discussed with the parties by telephone, and the Court finds that neither additional briefing nor oral argument would assist the Court in its adjudication. For the reasons that follow, the Court **denies** the motion.

**I.    Background**

The Court has previously outlined the nature of this case. Generally, the EEOC alleges claims of sexual harassment/hostile environment and retaliation under Title VII of the Civil Rights Act of 1964, as amended. Its original claim at the administrative level involved one complainant who alleged a sexually hostile work environment against one supervisor (James Jackman, the general manager of one of Defendant's stores in Highlands Ranch, Colorado) for a two-month

period, March to May 2010, along with an allegation of retaliation against the Defendant for her termination. Subsequent to the administrative proceedings, the EEOC's allegations have since grown to approximately 18 aggrieved individuals (including the original complainant, Wendy Cabrera) who claim to have suffered sex harassment. The EEOC seeks compensatory and punitive damages.

On or about April 24, 2012, non-party James Jackman appeared (without counsel) at the deposition of Wendy Cabrera without notice to the Plaintiffs. *See* Deposition of Wendy Cabrera, April 24, 2012, docket #143-2. The Plaintiffs objected to his presence and the parties contacted the undersigned by telephone. *Id.* at 174: 17-22. This Court concluded that Mr. Jackman would not be permitted to attend the deposition. *Id.* at 183: 11-16.

In the present motion, the Defendant and Mr. Jackman seek an order allowing Mr. Jackman to attend the depositions of the remaining aggrieved individuals in this case. The movants contend that, pursuant to Fed. R. Civ. P. 26(c)(1)(E), Mr. Jackman is entitled to attend the depositions and that the Plaintiffs should have filed a motion for protective order to exclude Mr. Jackman from Ms. Cabrera's and the other complainants' depositions. The movants also argue that "good cause" does not exist to exclude Mr. Jackman from the depositions.

First, the Court notes that "pretrial depositions and interrogatories are not public components of a civil trial." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984). "Depositions 'are not a judicial trial, nor a part of a trial, but a proceeding preliminary to trial, and neither the public nor representative of the press have a right to be present at such taking.'" *Kimberlin v. Quinlan*, 145 F.R.D. 1, 2 (D.D.C. 1992) (quoting *Times Newspapers, Ltd. v. McDonnell Douglas Corp.*, 387 F. Supp. 189, 197 (C.D. Cal. 1974)). Mr. Jackman is no longer employed with the Defendant and is not a party to this case; thus, as a member of the public, he is not necessarily "entitled" to attend the

private depositions held in this matter.

Second, the primary case upon which the movants rely, *Visor v. Sprint/United Mgmt. Co.*, No. 96-K-1730, 1997 WL 567923, at *1 (D. Colo. Aug. 18, 1997) (unpublished), addresses whether *parties* may be sequestered during their pretrial depositions at the opponent's request. The court in *Visor* vacated a magistrate judge's decision to sequester a party plaintiff from her co-plaintiff's deposition. *Id.* at *3; *see also E.E.O.C. v. JBS USA, LLC*, No. 10-cv-02103-PAB-KLM, 2012 WL 934205, at *1-*2 (D. Colo. March 20, 2012) (denying request to preclude *plaintiff-intervenors* from attending the depositions of other plaintiff-intervenors). Although the *Visor* court mentions in dicta that witnesses have a presumptive right to participate in depositions, such issue was not before the court in that case. *See id.* at *2. In fact, the court does not mention *Seattle Times* nor the fact that depositions typically "are not public."

Third, the Plaintiffs' failure (assuming there was a failure) to move in writing for a protective order does not exclude altogether the imposition of such order. Fed. R. Civ. P. 26(c)(1) provides that a party or other person "may" move for a protective order and that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... designating the persons who may be present while the discovery is conducted." Thus, a written motion by the Plaintiffs is not required for the Court to issue a protective order in this instance. Moreover, it is not clear from the motion whether Plaintiffs were on notice (other than through this motion filed the previous business day at 8:30 p.m.) that Mr. Jackman intended to attend additional depositions in this case.[1]

---

[1]The movants state that Defendant conferred with Plaintiffs "at Ms. Cabrera's deposition" and that Plaintiffs "stated their positions that they oppose the relief requested." Motion, n. 1. However, Plaintiffs' opposition was to Mr. Jackman's appearance at Ms. Cabrera's deposition and the matter was resolved by this Court at that time. Failing to confer regarding the present motion is in direct contravention of D.C. Colo. LCivR 7.1A, which requires that before filing a non-dispositive motion, the movant confer with the opposing parties to attempt to resolve the disputed

Finally, the Court believes that good cause exists to protect the aggrieved individuals from Mr. Jackman's presence at their depositions in this case. As is demonstrated by the deposition transcript attached to the present motion, Ms. Cabrera was "visibly upset" and "extremely distressed" that Mr. Jackman, the person she and the other complainants accuse of sexual harassment in this case, suddenly appeared at her deposition. *See* Deposition of Wendy Cabrera, April 24, 2012, at 181: 7-18. Considering Mr. Jackman's former managerial role over the aggrieved individuals and the fact that he no longer is employed at the company, the Court can perceive the deponents' feelings of intimidation and embarrassment caused by Mr. Jackman's presence at an otherwise private discovery proceeding.

According to the movants, Mr. Jackman "simply wants to observe, first hand, the questioning of key witnesses regarding issues that may significantly impact [his] reputation and standing in the community." Motion, docket #143 at 2. Further, Defendant contends that "were [Mr. Jackman] allowed to attend future depositions of the Aggrieved Individuals - then [Defendant] would be able to consult with him to better frame its case and to be more efficient at additional depositions in the future." *Id.* at 4. However, as the Court observed during a telephone call with the parties this morning, there is nothing preventing the sharing of information gleaned from the aggrieved individuals' depositions with Mr. Jackman. The movants fail to persuade the Court to disregard its finding of good cause for exclusion and to permit Mr. Jackman to attend in person.

Accordingly, based on the foregoing, the Court **DENIES** the Motion by Defendant HoneyBaked Ham and "Third Party" James Jackman for an Order Allowing Mr. Jackman to Attend the Depositions of Allegedly Aggrieved Individuals [filed August 10, 2012; docket #143].

Dated at Denver, Colorado, this 13th day of August, 2012.

---

issue.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge

5