IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02560-MSK-MEH

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

      Plaintiff,

WENDY CABRERA,

      Intervenor Plaintiff,

v.

THE ORIGINAL HONEYBAKED HAM COMPANY OF GEORGIA, INC.,

      Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

      Before the Court is a Motion to Intervene filed by interested party, Lisa K. Jager [filed July 12, 2012; docket #119].  Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and to D.C. Colo. LCivR 72.1.C, the matter has been referred to this Court for disposition or recommendation, as appropriate. For the following reasons, the Court respectfully recommends that the District Court **deny** Ms. Jager's motion.[1]

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  Fed. R. Civ. P. 72.  The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

I.      **Background**

The Court has previously outlined the nature of this case in several orders.  Generally, the EEOC alleges claims of sexual harassment/hostile environment and retaliation under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").  Its original claim at the administrative level involved one complainant, Plaintiff-Intervenor Cabrera, who alleged a sexually hostile work environment against one supervisor (James Jackman, the general manager of one of Defendant's stores in Highlands Ranch, Colorado) for a two-month period, March to May 2010, along with an allegation of retaliation against the Defendant for her termination.  Subsequent to the administrative proceedings, the EEOC's allegations have since grown to approximately 18 aggrieved individuals (including the original complainant, Wendy Cabrera) who claim to have suffered sex harassment.  The EEOC seeks compensatory and punitive damages in this case.

In the present motion, Lisa Jager seeks an order granting her "unconditional right to intervene pursuant to Title VII."  Ms. Jager argues that she filed a charge of discrimination with the EEOC alleging the same claims against Defendant HoneyBaked Ham that are raised in the present litigation.  Although Ms. Jager has not received a notice of right to sue from the EEOC on her charge of discrimination, she contends that due to her unconditional right to intervene, she need not exhaust her administrative remedies.  Further, Ms. Jager contends her motion is timely and that the existing parties will not be prejudiced by her intervention in this matter.

Defendant opposes Ms. Jager's motion asserting that Ms. Jager possesses no unconditional right to intervene since her claims are completely different than those asserted in this litigation.  As such, Defendant contends that this Court retains no subject matter jurisdiction over her claims, because she has failed to exhaust administrative remedies.  Moreover, Defendant claims Ms. Jager's motion is untimely and prejudicial to the existing parties.

Ms. Jager replies that her hostile work environment claim is similar to that alleged by Ms.

Cabrera in the present litigation, and her pattern and practice claim for unlawful retaliation against Defendant is very similar, if not identical, to the claim for retaliation raised here.

## II.    Discussion

In this case, it is undisputed that Ms. Jager has received no notice of right to sue from the EEOC for her charge of discrimination against Defendant.  Nevertheless, she seeks to intervene "as of right" pursuant to Fed. R. Civ. P. 24(a)(1) arguing that under the applicable section of Title VII she is an "aggrieved person" who has "the right to intervene in a civil action brought by the Commission," (*see* 42 U.S.C. § 2000e-5(f)(1)) and, as such, she has exhausted her administrative remedies despite having received no notice of right to sue.

The Court concludes, based upon the applicable rules and prevailing law, Ms. Jager may intervene in this action pursuant to Rule 24(a)(1), without having first exhausted her administrative remedies, ***only*** by demonstrating that her motion is timely and that she is an "aggrieved person" (pursuant to § 2000e-5(f)(1)) entitled to "piggyback" onto a properly exhausted charge of discrimination.[2]

### A.    "Aggrieved Person"

Pursuant to the relevant portion of Title VII at 42 U.S.C. § 2000e-5(f)(1), "[t]he person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission or the Attorney General in a case involving a government, government agency, or political subdivision."

Thus, "[t]he statutory language of Title VII, 42 U.S.C. § 2000e-5(f)(1) ..., grants the charging employee an unconditional right to intervene in cases brought by the EEOC." *Willis v. W.H. Braum, Inc.*, 80 F. App'x 63, 66-67 (10th Cir. 2003) (citing *EEOC v. Mo. Pac. R.R. Co.*, 493 F.2d 71, 74

---

[2]Because the "aggrieved person" determination requires consideration of this Court's subject matter jurisdiction over Ms. Jager's claims, the Court will begin with this analysis.

(8th Cir. 1974)). However, "no authority suggests that the right to intervene exempts [aggrieved persons] from the traditional exhaustion requirements applicable to individual plaintiffs bringing Title VII claims." *E.E.O.C. v. JBS USA, LLC*, 794 F. Supp. 2d 1188, 1199 (D. Colo. 2011). That is, before filing suit under Title VII, a plaintiff must first exhaust his or her administrative remedies with the EEOC. *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005). "[A] plaintiff's exhaustion of his or her administrative remedies is a jurisdictional prerequisite to suit under Title VII." *Id.*

However, an aggrieved person who has not exhausted her administrative remedies with the EEOC may seek to intervene in Title VII class or multi-plaintiff actions brought by the EEOC pursuant to the "single filing rule."[3] *E.E.O.C. v. Outback Steak House of Fla., Inc.*, 245 F.R.D. 657, 660 (D. Colo. 2007). "Under the rule, a similarly situated plaintiff who has not filed a charge of discrimination but whose claims arise out of the same circumstances and the same time frame as individuals who have filed a proper charge may 'piggyback' on the properly filed charge." *JBS USA, LLC*, 794 F. Supp. 2d at 1203 (citing *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1197 (10th Cir. 2004)). The rule's purpose is to "give effect to the remedial purposes of Title VII and to not exclude otherwise suitable plaintiffs from a Title VII class action simply because they have not performed the useless act of filing a charge." *Id.* (brackets omitted). "The act of filing a charge is deemed 'useless' in situations in which the employer is already on notice that plaintiffs may file discrimination claims, thus negating the need for additional filings." *Id.*; *see also E.E.O.C. v.*

---

[3]Defendant argues that, because Ms. Jager did not "raise" the single filing rule in her motion, she waived the argument. The Court disagrees to some extent; Ms. Jager did not specifically identify the "single filing rule"; however, she asserts "Pursuant to Ms. Jager's unconditional right to intervene pursuant to Title VII, Ms. Jager has exhausted her administrative remedies for purposes of filing this motion to intervene." Motion, docket #119-1 at 2. Although her assertion is vague and her argument lacks substance, the Court finds it sufficient to prompt analysis and perceives no prejudice to any party in this Court's consideration of the theory.

*Albertson's LLC*, 579 F. Supp. 2d 1342, 1345 (D. Colo. 2008) ("As long as the EEOC and the company are aware of the nature and scope of the allegations, the purposes behind the filing requirement are satisfied and no injustice or contravention of congressional intent occurs by allowing piggybacking.") (quoting *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1110 (10th Cir. 2001)).

To satisfy the single filing rule in demonstrating she is an "aggrieved person" entitled to intervene, Ms. Jager must allege she was "subject to similar discrimination by the same actors during the same time frame as the charging parties." *Outback Steak House*, 245 F.R.D. at 660. For example, in *Outback Steak House*, the EEOC filed a public enforcement action alleging the defendants' pattern and practice of failing to hire and promote women into management positions, and discriminating against women in the terms and conditions of employment, based primarily on the alleged sexist remarks of a Joint Venture Partner managing a three-state region. *Id.* at 658. The proposed intervenor was a female former employee of the defendants in the Partner's three-state region who also alleged the defendants discriminated against her based upon her sex during the same time frame by failing to offer her training and promotional opportunities. *Id.* The court granted intervention holding that "a plaintiff who failed to file a charge of discrimination with the EEOC, but who asserts she was subject to similar discrimination by the same actors during the same time frame as the charging parties, is an 'aggrieved person' within the meaning of section 2000e-[5](f)(1)." *Id.* at 660.

Moreover, in *Albertson's LLC*, 579 F. Supp. 2d at 1344, the EEOC filed a public enforcement action alleging a pattern and practice of retaliation at the defendant's Distribution Center in Aurora, Colorado over a specified period of time, in which management gave the charging party and other class members, including the movants, less desirable work assignments, denied them transfers and disciplined or discharged the class members for opposing discriminatory practices

5

based upon race and national origin.  The movants were listed among twenty other class members in the EEOC's complaint.  *Id.*  The court granted intervention "because the claims here arise out of similar discriminatory treatment in the same time frame as those alleged by the EEOC and exhausted by the complaining party."  *Id.* at 1346.

Finally, in *JBS USA, LLC*, 794 F. Supp. 2d at 1205-06, the EEOC filed a public enforcement action alleging discrimination and retaliation against Somali Muslim employees in the form of denial of bathroom breaks and adequate medical treatment, exposure to graffiti, verbal harassment, retaliation for reporting discrimination, suspension and termination.  The proposed intervenor who had not filed a charge of discrimination was allowed to piggyback onto other charges of discrimination by his allegations of denial of bathroom breaks and medical treatment, exposure to offensive graffiti, being called racist names, given more work than others, suffering retaliation for reporting discrimination, suspension and termination.  *Id.* at 1205.  The Court granted intervention finding that the proposed intervenor's claim "stems from the same discriminatory treatment as the other intervenors' claims," and he "suffered discrimination during the same time frame as the other intervenors."  *Id.* at 1206 (explaining that "[a]n individual's unexhausted claim occurs in the same time frame as an exhausted claim if the individual could have filed his charge at the same time that the properly exhausted charge was filed.").

Here, the EEOC alleges specific instances of hostile work environment, discrimination and retaliation against Wendy Cabrera and "a class of female employees" by James Jackman, General Manager of the Highlands Ranch store, Donna Wagner-Rago, District Manager, and Mike Costello, Human Resources Representative, in March, April and May 2010, and instances of a hostile work environment by General Manager Long Armstrong and Mr. Costello "as late as March 2011."  First Amended Complaint, ¶¶ 25-43, docket #6.

In her proposed intervenor complaint, Ms. Jager alleges she was subjected to a hostile work

environment by Ray Olson, General Manager of the Littleton store, from October 2011 through January 2012, and was terminated on January 6, 2012 in retaliation for opposing the hostile work environment.   Intervenor Complaint, ¶¶ 13-28, docket #119-2.   Ms. Jager further alleges she contacted Tim Franklin, Regional Manager, after her termination to complain of the hostile work environment and retaliation, and was interviewed by Dawn Suhail-Lewis, Human Resources Consultant.   *Id.*, ¶¶ 29-31.

Clearly, although Ms. Jager may allege acts of hostile work environment and/or retaliation similar to those alleged in this case, her allegations do not involve the same actors[4] or the same time frame,[5] or even the same location as the allegations asserted in this action.   A plaintiff who simply alleges the same elements necessary to prove a Title VII claim does not establish the "similarly situated" requirement for piggybacking onto an exhausted claim.   As such, Defendant could not have been on notice from reviewing the EEOC's Amended Complaint that, seventeen months later, employees from a different store under different management might file claims of hostile work environment or retaliation against the company.   Consequently, this Court must conclude that Ms. Jager has failed to demonstrate her entitlement to piggyback onto Ms. Cabrera's charge of discrimination, and because she has failed to exhaust her administrative remedies, Ms. Jager is not an "aggrieved person" pursuant to 42 U. S. C. § 2000e-5(f)(1) and the Court has no subject matter jurisdiction over Ms. Jager's claims.   Therefore, Ms. Jager is not entitled to intervention as of right

---

[4]The Court notes that in briefing concerning other motions filed after the Amended Complaint, the EEOC has asserted that the scope of its claims in this action involve Regional Manager Tim Franklin, Ms. Wagner-Rago's successor.   However, Mr. Franklin is not mentioned in the Amended Complaint, nor does the EEOC assert any allegations against Ms. Wagner-Rago's "successor."

[5]Ms. Jager could not have filed a charge of discrimination at the same time as Ms. Cabrera, considering that her allegations of discrimination commence well *after* that time.   *See JBS USA, LLC*, 794 F. Supp. 2d at 1206.

under Rule 24(a)(1).

    B.    <u>Timeliness</u>

Even if the Court had found Ms. Jager met the requirements demonstrating she is an "aggrieved person" with an unconditional right to intervene, the Court concludes Ms. Jager's motion is untimely.[6]

"The timeliness of a motion to intervene is assessed 'in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances.'" *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001) (citation omitted). "The requirement of timeliness is ... a guard against prejudicing the original parties by the failure to apply sooner." *Id.* (citation omitted). "The prejudice prong of the timeliness inquiry 'measures prejudice caused by the intervenors' delay—not by intervention itself.'" *Id.* at 1251 (citation omitted).

Here, Ms. Jager alleges she filed a charge of discrimination with the EEOC on May 16, 2012. Intervenor Complaint, ¶ 9, docket #119-2. Ms. Jager knew of her interest in this case no later than June 4, 2012. *See* June 4, 2012 Email from Iris Halpern to Angelo Spinola, *et al.* She filed the present motion to intervene nearly six weeks later on July 12, 2012. The discovery cutoff at that time was August 31, 2012; however, on August 1, 2012, this Court granted the Plaintiffs' requested extension to October 31, 2012. Although the extension of the discovery cutoff provides additional time within which to proceed with discovery, the Court finds the prejudice to the existing parties caused by Ms. Jager's  nearly six-week delay in filing her motion (at a time when discovery was quickly coming to a close) and the lack of prejudice to Ms. Jager prompt a conclusion that the

---

[6]Although Ms. Jager does not seek an order mandating her intervention pursuant to Rule 24(a)(2) or permitting her intervention pursuant to Rule 24(b), the Court's analysis and conclusion regarding the timeliness of Ms. Jager's motion would be the same if she had sought such orders.

motion is untimely.

Discovery has proceeded in this case since December 2011.  As set forth above, Ms. Jager's factual allegations are completely different than those asserted in this matter; therefore, the addition of her claims to this case at this late date would require significant time and costs for the discovery of additional, separate information and witnesses from those already discovered here.  Further, the addition of different claims involving different individuals may cause confusion and prejudice to opposing parties.  Finally, the Court perceives little, if any, prejudice to Ms. Jager from the denial of intervention in this matter; she is represented by competent counsel, she may simply proceed with her administrative remedies at the EEOC and, if she desires upon exhaustion of such remedies, she may file her own action against the Defendant.

Therefore, the Court concludes that Ms. Jager's motion is untimely filed pursuant to Rule 24.

## III.   Conclusion

Rule 24 of the Federal Rules of Civil Procedure governs intervention in federal cases.  Here, Ms. Jager seeks an order mandating her intervention as an "aggrieved person" with an unconditional right to intervene pursuant to Rule 24(a)(1).  However, Ms. Jager has failed to demonstrate she is entitled to an exception to the requirement she exhaust her administrative remedies and, thus, she has not established subject matter jurisdiction nor shown she is an "aggrieved person" within the meaning of Title VII in this case.  Furthermore, the delay in Ms. Jager's intervention at this stage of the litigation will likely prejudice the parties, while Ms. Jager would suffer little or no prejudice from the denial of intervention in this matter.  Accordingly, the Court respectfully RECOMMENDS that the District Court **DENY** the Motion to Intervene filed by interested party, Lisa K. Jager [filed July 12, 2012; docket #119].

Dated at Denver, Colorado this 18th day of September, 2012.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge