IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02560-MSK-MEH

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

     Plaintiff,

WENDY CABRERA,

     Intervenor Plaintiff,

v.

THE ORIGINAL HONEYBAKED HAM COMPANY OF GEORGIA, INC.,

     Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

     Before the Court is Defendant's Motion to Strike Catherine Vigil, Shannon Kennedy, Kelly Teegarden and Lisa Jager as Allegedly Aggrieved Individuals [filed August 10, 2012; docket #142]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and to D.C. Colo. LCivR 72.1.C, the matter has been referred to this Court for disposition or recommendation, as appropriate. For the following reasons, the Court respectfully recommends that the District Court **grant in part and deny in part** the Defendant's motion.[1]

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the

## I.     Background

The Court has previously outlined the nature of this case in several orders.  Generally, the EEOC alleges claims of sexual harassment/hostile environment and retaliation under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").  Its original claim at the administrative level involved one complainant, Plaintiff-Intervenor Cabrera, who alleged a sexually hostile work environment against one supervisor (James Jackman, the general manager of one of Defendant's stores in Highlands Ranch, Colorado) for a two-month period, March to May 2010, along with an allegation of retaliation against the Defendant for her termination.  Subsequent to the administrative proceedings, the EEOC's allegations have included additional aggrieved individuals (including the original complainant, Wendy Cabrera) who claim to have suffered sex harassment.  The EEOC seeks compensatory and punitive damages in this case.

In the present motion, Defendant seeks to strike the four persons named in the motion's caption from participating in this case as aggrieved individuals, on the basis of discovery limitations which I placed on this lawsuit.  Because granting this motion would have an impact on the individuals' participation in this case, I am issuing a Recommendation.

## II.    Discussion

I have presided over proceedings brought by the EEOC in which the length of time in naming allegedly aggrieved individuals until late in the lawsuit has caused significant delay and expense.  Armed with that background, at the December 20, 2011 scheduling conference in this case, I discussed a deadline by which the EEOC would identify such individuals so that effective discovery could take place.  The EEOC informed me that Defendant was seeking a deadline of February 20, 2012 for identifying allegedly aggrieved individuals; however, the EEOC contended that this

---

Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

deadline would be too early, because the EEOC would need discovery from Defendant in order to locate and contact persons who claim to have suffered sexual harassment. The parties proposed a total discovery period of eight months, which is two months longer than the presumptive discovery period in this District. I determined that permitting a period of four months of discovery for the EEOC to identify potentially aggrieved individuals, and then four months of discovery for the Defendant to get the individuals' stories, was the proper solution. Therefore, I set April 30, 2012 as the deadline to identify potentially aggrieved individuals.

The context of the on-record discussion quoted by the Defendant in its reply brief, and my own knowledge and understanding of those and subsequent proceedings, establishes that April 30, 2012 was the date by which the EEOC would identify *and disclose to the Defendant* those individuals who the EEOC had targeted as aggrieved individuals. Paragraph 8(f) of the Scheduling Order sets forth the parties' discussion of this issue in their own words (which I did not alter prior to docketing the Scheduling Order):

> The EEOC and Defendant agree that there will be a date at which time the EEOC agrees to have disclosed a finalized list of aggrieved individuals for whom it seeks relief, and the parameters of any relief it seeks for as yet unidentified aggrieved individuals, if any should exist. The EEOC and Defendant are unable to agree on that date. The EEOC contends that the date cannot be demarcated yet as it is contingent on the EEOC receiving employee information from Defendant through discovery and having the opportunity to canvass it. The EEOC intends to ask in its first set of discovery requests for a complete employee list with contact information . . . . Once Defendant produces this list, as specified, to the EEOC, the EEOC requests five (5) months from date of receipt to identify additional aggrieved individuals and disclose them to Defendant, providing Defendant with three and a half months to seek discovery of the added individuals before the close of discovery if Defendant provides the list to the EEOC in a timely manner.

I did not agree with either the EEOC (which sought approximately six months[2] in which to "identify additional aggrieved individuals and disclose them to Defendant"), or Defendant (which argued for only two months), but instead chose a middle ground of four months.

> At the scheduling conference, the following discussion took place concerning this paragraph:
>
> THE COURT:  Do you have a list of people right now?
> MS. HALPERN: Your Honor, if I may. Yes, we've identified all 17 people specifically already.
> THE COURT: Okay.
> MS. HALPERN: We may identify several more after we get certain information we need to Candace (phonetic).
> THE COURT: Well, what's a fair time for you to stop identifying people in a lawsuit?
> MS. HALPERN: Well, we attempted to suggest, and this is another point where the two -- the three parties are in difference with each other. We attempted to suggest that once they got us the information that we needed, which is mostly employee data information with contact information and names, that a certain number of months afterwards we would have had the opportunity to canvas everyone and make known all of the aggrieved individuals that we are attempting to seek relief for.

Transcript at 9-10 (Docket #41).  It was clear to me then, and it is clear to me now, that "identify" in this context meant "make known all of the aggrieved individuals that [the EEOC is] attempting to seek relief for."  *See id.*  In my prior experience, and as noted by Defendant in its reply, after identifying the allegedly aggrieved individuals to the Defendant, some of those individuals might decide not to participate in the lawsuit.  Therefore, I set June 4, 2012 as the deadline by which the EEOC would inform Defendant whether any of the identified individuals had decided not to participate.  Between April 30 and June 4, 2012, I presumed the EEOC would be speaking with persons with whom it had already established a relationship in order to discuss and decide whether those persons wished to go forward.

Ultimately, later in the scheduling conference, I confirmed this understanding of the order of things in the following colloquy:

---

[2]This six-month request presumed the EEOC would issue its initial discovery requests quickly, thus giving one month for Defendant's response and five months for discovery thereafter.

> THE COURT: Well, I assume the EEOC has talked to every one of the 17 people they've identified and they have a Rule 11 good faith basis for including them in a list of people.
>
> MS. HALPERN: Yes, Your Honor, many times.

*Id.* at p. 18.  As of the scheduling conference, the EEOC had identified and disclosed to Defendant 17 persons on whose behalf the EEOC was proceeding.  This was the same quality of information that I expected would be provided to the Defendant by April 30, 2012, memorialized by my use of the term "identified."

I disagree that the term "identify" means, as the EEOC suggests, that on or before April 30, 2012, the EEOC was only required to be aware of the existence of individuals such as Catherine Vigil, Shannon Kennedy, Kelly Teegarden and Lisa Jager (through employee lists or otherwise) as employees of the Defendant, and that the disclosure requirement for such persons to the Defendant was not until June 4, 2012.  This would mean that Defendant's discovery period concerning allegedly aggrieved individuals would have been cut by more than a month relative to what was intended in the Scheduling Order.  Such an interpretation is wrong.

The deadline for identifying to the Defendant the potentially aggrieved individuals in this case was April 30, 2012.  I have not granted any extension of this deadline, which expired nearly six months ago.  Catherine Vigil, Shannon Kennedy, Kelly Teegarden and Lisa Jager were not identified in compliance with the Court's Order.  Certainly, these individuals are free to file their own lawsuits, if they so choose.  However, in this case, they should be stricken as allegedly aggrieved individuals, and I recommend that the Defendant's motion to strike be granted.

With respect to Defendant's request for an award of fees pursuant to Fed. R. Civ. P. 37(b)(2)(C), the Court finds that an award would be unjust under the circumstances.  Although I strongly disagree with its position, the EEOC held a good faith belief that the deadline for disclosure of allegedly aggrieved individuals should be June 4, 2012.  Therefore, I recommend that Defendant's motion for attorney's fees be denied.

5

**III.**     **Conclusion**

Catherine Vigil, Shannon Kennedy, Kelly Teegarden and Lisa Jager were not identified on or before April 30, 2012 pursuant to the Scheduling Order in this case, and the Court has not granted an extension of this deadline; however, an award of fees in this matter would be unjust.  Thus, the Court respectfully RECOMMENDS that the District Court **grant in part and deny in part** the Defendant's Motion to Strike Catherine Vigil, Shannon Kennedy, Kelly Teegarden and Lisa Jager as Allegedly Aggrieved Individuals [filed August 10, 2012; docket #142] as set forth herein.

Dated at Denver, Colorado this 18th day of October, 2012.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge

6