IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02560-MSK-MEH

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

WENDY CABRERA,

    Intervenor Plaintiff,

v.

THE ORIGINAL HONEYBAKED HAM COMPANY OF GEORGIA, INC.,

    Defendant.

---

**ORDER ON EEOC MOTION FOR PROTECTIVE ORDER
AS TO DEFENDANT'S NOTICE OF 30(b)(6) DEPOSITION**

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff EEOC's Motion for Protective Order as to Defendant's Notice of 30(b)(6) Deposition [filed December 10, 2012; docket #259]. The motion is referred to this Court for disposition. (Docket #260.) The matter is fully briefed and has been discussed with the parties on several occasions. For the reasons that follow, the Court **grants in part** and **denies in part** the EEOC's motion.

**I.    Background**

Plaintiff Equal Employment Opportunity Commission (EEOC) brings claims of sexual harassment and hostile environment and retaliation under Title VII of the Civil Rights Act of 1964, as amended, alleging Defendant subjected a class of female employees to sexual harassment and retaliated against such employees when they complained about the harassment.

In the present motion, Plaintiff seeks to limit the scope of Defendant's Rule 30(b)(6) notice

of deposition based upon relevance and other arguments. I will address each of the contested (30)(b)(6) topics below.

**II.    Analysis**

    A.    <u>Topics 1 & 3 - EEOC Intake Procedures Concerning New Claims of Intervenor Plaintiff and Others, and the Scope of the Subsequent Investigation</u>

Four of the aggrieved individuals in the present case have filed post-lawsuit administrative claims of discrimination or retaliation with the EEOC. Defendant seeks to question an EEOC representative about those new claims. Defendant's principal argument is that these new claims carry the risk of a double recovery, which HBH has the right to investigate. I agree that Defendant has a right to investigate that risk, but not here. The risk of a double recovery or of running afoul of some issue or claim preclusion doctrines exists in the new claims, not in this already-existing proceeding. If Defendant has a legitimate basis to exclude the new claims, that argument must be raised before the EEOC at the administrative level or in any subsequent court action. It is not a ripe argument for this lawsuit. However, anything that a party in the present lawsuit has stated, in whatever form, in that administrative proceeding is discoverable as an admission of a party opponent on a relevant topic. Therefore, to the extent proper requests have been made for such statements, they should be produced. The EEOC's motion concerning a Rule 30(b)(6) deposition is granted as to topics 1 & 3.

    B.    <u>Topics 6-11, 14, 17 & 20 Requesting that an EEOC Designee Testify about Facts and Information Underlying the EEOC's Claims in this Case</u>

As a general matter, I do not believe the type of topics identified by the Defendants in numbers 6-11, 14, 17 & 20, which seek a witness to talk about all information supporting paragraphs in the Complaint or supporting the EEOC's generalized allegations of discrimination and retaliation, are appropriate for a Rule 30(b)(6) deposition. "Even under the present-day liberal discovery rules,

[a party] is not required to have counsel 'marshal all of its factual proof' and prepare a witness to be able to testify on a given defense or counterclaim." *In re Independent Service Organizations Antitrust Litigation* 168 F.R.D. 651, 654 (D. Kan. 1996) (citation omitted). This is precisely the objection Defendant made when the EEOC requested a Rule 30(b)(6) deposition on the Defendant's defenses [see Motion for Protective Order, at 6]. Plaintiff's argument is well taken if for no other reason than the Goose and Gander rule. *E.g., United States v. Cos*, 498 F.3d 1115, 1137 (10th Cir. 2007). But there are other reasons for my opinion.

As an example of the information sought by Defendant, in topic number 10, Defendant seeks the following:

> All factual information which supports or rebuts the EEOC's allegation that, "throughout the period of Wagner-Rago's employment by Defendant, female employees who worked with Jackman and other supervisors and managers within the district and under Costello's oversight, were subject to a sexually hostile work environment" as alleged in Paragraph 48 of Plaintiff EEOC's Amended Complaint.

I believe this sort of topic will accomplish nothing on top of what can be obtained using all of the other discovery tools Defendant has at its disposal, other than to allow Defendant to create an opportunity to argue that, because the Rule 30(b)(6) witness only discussed certain information, Plaintiff is barred from bringing any other information to the fore either at the dispositive motion stage or at trial. I do not believe this is a proper use of Rule 30(b)(6). To the extent this analysis is contrary to the opinion in *EEOC v. Albertson's LLC*, 2007 U.S. Dist. LEXIS 32003 (D. Colo. May 1, 2007), it is what it is. I do agree with that opinion, however, with regard to its discussion that the EEOC may not raise blanket issues of privilege prior to the questions being asked and must assert those privileges at the proper time, if needed.[1]

---

[1] My ruling herein is not in any part based on any privilege or work product objection.

In the interest of completeness, however, I will not grant the EEOC's Motion for Protective Order in its entirety. Rather, I will amend each of the afore-mentioned topics with the limitation that the EEOC's 30(b)(6) designee need respond to each of the topics only insofar as the documents in this case, and the testimony provided by the witnesses in this case, do not already address and provide sufficient information concerning the particular topic. In other words, if the EEOC is aware of gaps concerning any of the topics which disclosures or discovery to date have not already filled, the 30(b)(6) deponent must fill them. If the deponent is not aware of any additional information on a particular topic, then Defendant will have achieved the goal of assuring that the EEOC has produced all the evidence it has on that topic.

## III. Conclusion

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion for Protective Order as to Defendant's Notice of 30(b)(6) Deposition [filed December 10, 2012; docket #259] as set forth herein. In the event the parties believe that a status conference is necessary to clarify or implement this Order, they are directed to contact my chambers for an immediate setting.

Dated at Denver, Colorado, this 4th day of February, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge