**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Honorable Marcia S. Krieger**

Civil Action No. 11-cv-02560-MSK-MEH

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

       **Plaintiff,**

**v.**

**THE ORIGINAL HONEYBAKED HAM COMPANY OF GEORGIA, INC.,**

       **Defendant.**

Consolidated with:

Civil Action No. 12-cv-02137-MSK-MEH

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

       **Plaintiff,**

**WENDY J. CABREARA,**

       **Intervenor-Plaintiff,**

**v.**

**THE ORIGINAL HONEYBAKED HAM COMPANY OF GEORGIA, INC.,**

       **Defendant.**

---

**OPINION AND ORDER DENYING**
**LISA K. JAGER'S MOTION TO INTERVENE**

---

    **THIS MATTER** comes before the Court on Ms. Lisa K. Jager's Motion to Intervene

**(#119)**, Defendant HoneyBaked Ham's (HBH) Opposition **(#149)**, and Ms. Jager's Reply **(#181)**.

The Motion was referred to the Magistrate Judge, who Recommends **(#187)** that the Motion be

denied.  Ms. Jager filed Objections **(#205)** to the Recommendation, to which HBH Responded **(#224)**.

## I.  Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## II.  Background

As detailed in previous orders, this case arises from a charge of discrimination filed by Plaintiff-Intervenor Wendy Cabrera with the EEOC.  Ms. Cabrera, a former HBH employee, alleged that she was sexually harassed by Mr. James Jackman from March 2010 to May 2010, and that she suffered retaliatory termination in May 2010 by Ms. Donna Wagner-Rago and Mr. Michael Costello.

After an investigation, the EEOC determined that there was reasonable cause to believe that Title VII violations had occurred.  In September 2011, the EEOC filed this suit on behalf of Ms. Cabrera and other aggrieved individuals, alleging sexually hostile work environment and retaliation.  As specified in the Court's Order **(#289)** on HBH's Motion to Dismiss, the EEOC's claims relate to the alleged unlawful conduct of Mr. Jackman, and retaliation for complaints about his conduct.

Thereafter, in May 2012, Ms. Jager (also a former HBH employee) filed a charge of discrimination with the EEOC, alleging sexual harassment by an HBH manager, Mr. Ray Olson, and retaliatory termination.  Ms. Jager has since terminated the administrative proceedings by the EEOC.  She now moves, under Fed. R. Civ. P. 24(a)(1), to intervene as a plaintiff in this case.

## III.  Standard of Review

When a magistrate judge issues a recommendation on a dispositive motion, the parties may file specific, written objections within fourteen days after being served with a copy of the

recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Here, Ms. Jager has timely filed

Objections to the Recommendation.  The Court therefore reviews the Recommendation *de novo*.

*U.S. v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir.

1996).

## IV.  Analysis

Rule 24(a)(1) provides that, upon timely motion, a court must permit a party to intervene

who "is given an unconditional right to intervene by a federal statute."  Ms. Jager argues that 42

U.S.C. § 2000e-5(f)(1) grants her such unconditional right to intervene because she is an

"aggrieved person" in this suit.  She points out that her claims are identical to the EEOC's

claims.

HBH opposes Ms. Jager's motion, arguing that she has no unconditional right to

intervene because her claims are completely different from those asserted in this litigation.  As

such, HBH contends that the Court lacks subject matter jurisdiction over Ms. Jager's claims

because she has not exhausted her administrative remedies.

As pertinent here, 42 U.S.C. § 2000e-5(f)(1) states that "[t]he person or persons

aggrieved shall have the right to intervene in a civil action" brought by the EEOC.  The Tenth

Circuit has construed 42 U.S.C. § 2000e-5(f)(1) to confer an unconditional right to intervene

upon the charging party whose claims provide the basis for an EEOC action.  *Willis v.

W.H.Braum, Inc.*, 80 Fed. Appx. 63, 66-67 (10th Cir. 2003).  However, "no authority suggests

that the right to intervene exempts [aggrieved persons] from the traditional exhaustion

requirements applicable to individual plaintiffs bringing Title VII claims."  *EEOC v. JBS USA,

LLC*, 794 F.Supp.2d 1188, 1199 (D. Colo. 2011).

Under the "single filing rule," however, an aggrieved person who has not exhausted her administrative remedies with the EEOC may seek to intervene in Title VII class, or multi-plaintiff, actions. *EEOC v. Outback Steak House*, 245 F.R.D. 657, 660 (D. Colo. 2007). The rule provides that a "similarly situated plaintiff" who has not filed a charge of discrimination but whose claims arise out of the same circumstances and the same time frame as individuals who did file a proper charge may "piggyback" on the properly filed charge. *JBS USA,* 794 F.Supp.2d at 1203 (citing *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1197 (10th Cir. 2004)). As long as the EEOC and the employer are aware of the nature and scope of the allegations, the purposes behind the filling requirement are satisfied and no injustice occurs by allowing piggybacking. *EEOC v. Albertson's LLC*, 579 F.Supp.2d 1342, 1345 (D. Colo. 2008). Thus, to satisfy the single filing rule in demonstrating that she is an "aggrieved person" entitled to intervene, Ms. Jager must allege that she was "subject to similar discrimination by the same actors during the same time frame as the charging parties." *Outback Steak House*, 245 F.R.D. at 660.

As noted, the scope of the claims in this lawsuit is limited to the alleged sexual harassment by Mr. Jackman during his employment with HBH (approximately one year from May 2009 to May 2010), and retaliation by Ms. Wagner-Rago and Mr. Costello. In her proposed complaint, Ms. Jager alleges that she was subjected to a sexually hostile work environment by Mr. Olsen, a manager at the HBH Littleton store, from October 2011 to January 2012, when she was terminated. Ms. Jager alleges that she was terminated in retaliation for opposing Mr. Olson's conduct. Ms. Jager further alleges that after the termination, she contacted Tim Franklin, HBH's Regional Manager, and was interviewed by Dawn Suhail-Lewis, a Human Resources Consultant.

Based on these allegations, the Court finds that Ms. Jager's claims are factually unrelated and distinct from those asserted by the EEOC and Ms. Cabrera.  Ms. Jager's claims do not involve any of the same actors, or the same time frame, as the claims in this case.  Indeed, the conduct she complains of did not occur until after this lawsuit had been filed.  As such, HBH could not have been aware of the nature and scope of Ms. Jager's allegations, or that they could be a part of this suit.  Thus, Ms. Jager is not an "aggrieved person" for purposes of 42 U.S.C. § 2000e-5(f)(1).  She therefore cannot "piggyback" on Ms. Cabrera's properly filed charge of discrimination.  The Court lacks subject matter jurisdiction over her claims because she has not exhausted her administrative remedies.

### V.  Conclusion

For the reasons stated, the Ms. Jager's Motion to Intervene (**#119**) is **DENIED**.

Dated this 4th day of February, 2013.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge