**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

**Civil Action No. 11-cv-02560-MSK-MEH**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

    **Plaintiff,**

**v.**

**THE ORIGINAL HONEYBAKED HAM COMPANY OF GEORGIA, INC.,**

    **Defendant.**

**Consolidated with:**

**Civil Action No. 12-cv-02137-MSK-MEH**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

    **Plaintiff,**

**WENDY J. CABREARA,**

    **Intervenor-Plaintiff,**

**v.**

**THE ORIGINAL HONEYBAKED HAM COMPANY OF GEORGIA, INC.,**

    **Defendant.**

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE
JUDGE'S ORDERS ON MOTIONS TO COMPEL**

**THIS MATTER** comes before the Court on the Equal Employment Opportunity

Commission's (EEOC) Objections (**#107, 138**) to the Magistrate Judge's Orders (**#102, 122**)

granting in part and denying in part two Motions to Compel (**#55, 84**) by the EEOC. The

Defendant, the Original HoneyBaked Ham Company of Georgia (HBH), filed Responses **(#110, 148)**, and the EEOC replied **(#120, 170)**.

## I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## II. Background

The EEOC brings this action under Title VII, asserting claims of sex discrimination and retaliation. As filed, the Amended Complaint **(#6)** alleges that sexual harassment and retaliation permeated throughout District 8 and was committed by several managers and supervisors.

At an initial scheduling conference, the Magistrate Judge set April 30, 2012 as a deadline by which the EEOC was to have identified each aggrieved individual for whom it seeks relief.

Throughout discovery, the EEOC sought district-wide and company-wide information. As pertinent here, the EEOC filed two Motions to Compel **(#55, 84)**. In the first motion, the EEOC sought, among other things, a complete list of individuals that HBH employed in District 8 from January 1, 2009 to the present. The Magistrate Judge granted the motion in part, but he limited discovery to only those HBH stores where the 18 aggrieved individuals (who were identified by April 30th) had worked.

In its second motion, the EEOC sought discovery of (1) all employee complaints that were handled by Mr. Costello (a human resources representative who oversaw over 100 HBH stores), (2) all employee complaints made in any District 8 store, and (3) all documents related to those complaints. Again, the Magistrate Judge granted the motion in part. Relying on his earlier order, the Judge ruled that the EEOC was entitled to discovery of employee complaints and related documents, but only as to those stores where the 18 aggrieved individuals had worked.

The EEOC objects to each of the Magistrate Judge's rulings.

### III. Legal Standard

When considering objections to nondispositve rulings by a Magistrate Judge, such as those at issue here, the Court must adopt the Magistrate Judge's ruling unless it finds that the ruling is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). The clearly erroneous standard requires that the reviewing court affirm unless, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988). The contrary to law standard permits plenary review as to matters of law. *Reyes v. Snowcap Creamery, Inc.*¸ ___ F.Supp. 2d ___, WL 4888476 (D.Colo. 2012).

Rule 26(b)(1) provides that parties may obtain discovery on any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). However, the Magistrate Judge has broad discretion over pretrial discovery matters that are referred to him. *See Ariza v. U.S. West Communications, Inc.*, 167 F.R.D. 131, 134 (D.Colo. 1996).

### IV. Discussion

The EEOC argues that the Magistrate Judge exceeded his authority under Rule 72 by limiting discovery to the 18 aggrieved individuals identified by April 30th and HBH stores where those individuals worked. It argues that by limiting discovery in this way, the Magistrate Judge excluded potential aggrieved individuals from participating in the lawsuit.

At the time the EEOC filed its Objections, the Court had not yet ruled on HBH's Motion to Dismiss **(#42)**. Accordingly, the EEOC's arguments relate to the need for information that would lead to the discovery of additional aggrieved individuals throughout District 8. Since that time, however, the Court ruled **(#289)** on HBH's Motion to Dismiss and limited the scope of this lawsuit to claims of sex discrimination resulting from a hostile work environment created only

by Mr. James Jackman and retaliation against victims who complained of his alleged sexual harassment.  Thus, the EEOC's claims are no longer district-wide, but are limited to where the alleged unlawful conduct by Mr. Jackman occurred.

Here, discovery was permitted as to the 18 previously identified aggrieved individuals and the stores where they worked (up to six stores in District 8).  The record shows, however, that Mr. Jackman worked at only three HBH stores in Colorado and that HBH disclosed information related to those stores, including the names of employees who had worked there during the relevant time period.  Accordingly, the Court finds that the scope of discovery permitted was larger than, and encompassed, the scope of discoverable information that would be relevant to the remaining claims and defenses in this case.  The Court therefore concludes that, despite any alleged error in the rulings, the parties have not been prejudiced, and it declines to modify the rulings.

## V.  Conclusion

For the forgoing reasons, the EEOC's Objections (**#s 107, 138**) are **OVERRULED** and the Magistrate Judge's Orders (**#s 102, 122**) are **AFFIRMED**.

Dated this 4th day of February, 2013.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge