**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Honorable Marcia S. Krieger**

**Civil Action No. 11-cv-02560-MSK-MEH**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

**Plaintiff,**

**v.**

**THE ORIGINAL HONEYBAKED HAM COMPANY OF GEORGIA, INC.,**

**Defendant.**

**Consolidated with:**

**Civil Action No. 12-cv-02137-MSK-MEH**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

**Plaintiff,**

**WENDY J. CABREARA,**

**Intervenor-Plaintiff,**

**v.**

**THE ORIGINAL HONEYBAKED HAM COMPANY OF GEORGIA, INC.,**

**Defendant.**

---

**ORDER DENYING DEFENDANT'S**
**MOTION TO STRIKE**

---

**THIS MATTER** comes before the Court on Defendant HoneyBaked Ham's (HBH) Motion to Strike Catherine Vigil, Shannon Kennedy, Kelly Teegarden and Lisa Jager as Allegedly Aggrieved Individuals **(#142)**. The EEOC filed its Response **(#185)**, and HBH

Replied **(#204)**. The matter was referred to the Magistrate Judge, who Recommends **(#223)** that the Motion be granted in part and denied in part. The EEOC Objects **(#238)** to the Recommendation. HBH filed a Response **(#249)** to the EEOC's Objections, and the EEOC Replied **(#258)**.

## I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## II. Background

The Court recites only those facts that are pertinent to the instant motion.

In 2011, the EEOC initiated this action, asserting claims of sex discrimination and retaliation. As filed, the Amended Complaint **(#6)** alleges that sexual harassment and retaliation permeated throughout HBH District 8 and was committed by several managers and supervisors.

At an initial scheduling conference, the Magistrate Judge set April 30, 2012 as the deadline by which the EEOC was to identify each aggrieved individual for whom it seeks relief. By separate order, the Magistrate Judge instructed that by June 4, 2012, the EEOC must disclose to HBH the names of all aggrieved individuals who wished to participate in the lawsuit.

On June 4th, the EEOC notified HBH that it "now represents Messes. Catherine Vigil, Shannon Kennedy, Kelly Teegarden and Lisa Jager's legal interests in this lawsuit." (These four individuals were in addition to 18 previously-identified individuals.)

HBH now seeks to "strike" these four women from the group of allegedly aggrieved individuals on the basis that they were untimely identified by the EEOC. It further requests an award of attorney feeds pursuant to Fed. R. Civ. P. 37(b)(2)(C). The EEOC responds that it was aware of the existence of these individuals (and thus, identified them) by April 30th, but it simply was unable to communicate with them until after the deadline.

The Magistrate Judge recommends that the Motion be granted as to HBH's request to strike, reasoning that the four individuals were not timely identified. The Magistrate Judge further recommends that that HBH's request for attorney fees denied as unjust under the circumstances.

## III. Standard of Review

When a magistrate judge issues a recommendation on a dispositive motion, the parties may file specific, written objections within fourteen days after being served with a copy of the recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Here, the EEOC filed timely Objections to the Recommendation. The Court therefore reviews the Recommendation *de novo*. *U.S. v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

## IV. Analysis

First, the Court observes that the instant Motion was filed, and the Recommendation was issued, before the Court ruled **(#289)** on HBH's Motion to Dismiss. In that Order, the Court ruled that the EEOC's claims in this suit are limited to (1) sex discrimination resulting from a hostile work environment created by the sexual harassment of James Jackman, while a manager of stores in District 8, and (2) retaliation against employees who engaged in protected activity in complaining of Mr. Jackman's harassment. In its Order, the Court limited the scope of the litigation to Mr. Jackman's *conduct* while managing stores in District 8. Thus, the instant Motion has become moot to the extent that it concerns individuals allegedly harassed by someone other than Mr. Jackman.

To whatever extent the Motion remains at issue, it appears to be an attempt to limit any award of damages to the EEOC for the benefit of aggrieved individuals.[1] In that respect, it is premature.[2] The Motion presents an evidentiary issue — HBH essentially seeks to prevent the EEOC from presenting evidence about certain aggrieved individuals. But whether such evidence should be precluded cannot be determined until it is clear what evidence will be presented at trial.

## V. Conclusion

For the forgoing reasons, the Court **DECLINES** to adopt the Recommendation **(#223)** and **OVERRULES** the EEOC's Objections **(#238)**. The Motion to Strike **(#142)** is **DENIED**, with leave to renew as a motion in limine with regard to the evidence to be presented at trial.

Dated this 13th day of February, 2013.

**BY THE COURT:**

Marcia S. Krieger

Marcia S. Krieger
Chief United States District Judge

---

[1] As noted in previous orders, the EEOC brings its own claim and does not stand in the shoes of the aggrieved individuals. Thus, the group of aggrieved individuals is relevant only as to the amount of damages that the EEOC could potentially recover.

[2] The Motion also appears to be mislabeled as a "Motion to Strike." The Federal Rules of Civil Procedure do not provide for relief in the form of "striking" individuals.