IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02560-MSK-MEH

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

and

WENDY J. CABRERA,

    Plaintiff-Intervenor,

v.

THE ORIGINAL HONEYBAKED HAM COMPANY OF GEORGIA, INC.,

    Defendant.

---

**ORDER RE: EEOC'S MOTION FOR RESOLUTION OF DISCOVERY DISPUTE**
---

**Michael E. Hegarty, United States Magistrate Judge.**

Plaintiff EEOC has filed a Motion for Resolution of Discovery Dispute and Proposed Protocol and Search Term List [docket #276]. The motion is referred to this Court for disposition. (Docket #277.) The matters are fully briefed and the Court heard oral arguments on February 12, 2013, at which the Court determined to grant in part and deny in part the EEOC's motion. This Order sets forth in writing the Court's decision.

**I.**  **Background**

Plaintiff Equal Employment Opportunity Commission (EEOC) brings claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, alleging Defendant subjected a class of female employees to sexual harassment, and retaliated against such employees when they complained about the harassment. Docket #6 at 1. On November 20, 2011,

this Court granted Wendy Cabrera leave to intervene in this action. Docket #9. Defendant responded to both the Amended Complaint and the Intervenor Complaint by filing Answers on January 6, 2012. Discovery commenced with the Scheduling Order issued December 20, 2011 and concluded on November 31, 2012.

In the present Motion for Resolution of Discovery Dispute, the EEOC and Defendant could not agree on a protocol or search terms for the search of electronically stored information including social networking data, text messages, blog postings, and email accounts as ordered by the Court on November 7, 2012. [Docket #241.] The EEOC recommended use of 57 search terms,[1] while Defendant recommended approximately 475 terms. Based on the lowest bid it obtained, the EEOC also requested that the Court appoint Jeremy Shaper of BlueStar Case Solutions, Inc. as the Special Master in this case.

**II.     Analysis**

At the oral argument on February 12, 2013, I entertained the parties' respective positions on each of the search terms proposed by Defendant (having accepted all of the EEOC's less-inclusive search terms, all of which had been stipulated by the Defendant). I am now prepared to enter an order reflecting my rulings on appropriate search terms and related issues.

I adopt the EEOC's proposed search terms and protocol (with certain additions proposed by Defendant) and amend my Order from November 7, 2012 as follows: First, the EEOC will bear the initial costs of the Special Master and discovery of the aggrieved individuals' ESI, and will seek reimbursement through this Court from the Defendant. At the appropriate time, I will entertain a motion and argument on the proper apportionment of such costs between the parties in the case.

---

[1] Since that time, the District Court ruled on Defendant's Motion to Dismiss [docket #42] and, thus, searches relating to Long Armstrong and any aggrieved individuals who alleged sexual harassment only against him have been eliminated by agreement of the parties.

Although I initially ordered that such costs be shared equally, I am prepared to consider a different apportionment. Second, appended to this Order is my decision concerning what additional search terms will be included.

The Special Master is to bates stamp all of the results of his search. The EEOC will then have the opportunity to conduct a privilege review prior to the Court's *in camera* inspection of the records. The Special Master shall provide the EEOC with the results of its search, and the EEOC shall create a privilege log to provide to the Court and Defendant describing any records that it withholds due to privilege prior to the Court's relevance review. These are the only records the EEOC may withhold. At this time, the EEOC shall also provide the Court with a list of any of its other objections to the discovery.

Dated and entered at Denver, Colorado, this 27th day of February, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

# APPENDIX
# SEARCH TERMS AND PROTOCOL FOR THE SPECIAL MASTER CIVIL ACTION NO.: 11-CV-02560-MSK-MEH

A. **Relevant Time Period:** For all of the following sections (B through F), the period of search for electronic information will be limited to January 1, 2009 through the present.

B. **Social Networking Media**

   I. The Special Master shall download and preserve all content from any social networking website owned by an aggrieved individual, including wall posts, pictures, and videos, with the exception of direct messaging, and produce this content to the Court for an *in camera* review for relevance.

   II. All direct messaging or similar private one-on-one electronic communications sent through any social networking media shall be treated the same as any other email from a private account, and shall be subject to the search terms and restrictions provided in sub-section C.

   III. "Tagged" photos and similar such ventures are not subject to discovery.

C. **Private Email Accounts**

   I. The aggrieved individual is required to disclose to the Special Master her own personal email accounts, usernames, and passwords. She is not required to disclose any email accounts provided to her by any employer.

   II. The Special Master shall download and preserve all email communications between the following recipients and produce them to the Court for an *in camera* review for relevance:

   1. All electronic communications exchanged between and among the 13 remaining aggrieved individuals.
   2. All electronic communications exchanged between the aggrieved individual and James ("Jimmy") Jackman.
   3. All electronic communications exchanged between the aggrieved individual and Donna Wagner-Rago.
   4. All electronic communications exchanged between the aggrieved individual and Tim Franklin.
   5. All electronic communications exchanged between the aggrieved individual with an HBH corporate email account (*i.e.*, @hbham.com).
   6. All electronic communications exchanged between the aggrieved individual with Michal ("Mike") Costello.
   7. All electronic communications exchanged between the aggrieved individual and Ami Huff.
   8. All electronic communications exchanged between the aggrieved individual with Molly Kesmodel.
   9. All electronic communications exchanged between the aggrieved individual with Cindy

      Sutton.

  III. All email communications with individuals other than those listed in Paragraph C.II., will be searched as provided by Part F of this Protocol.

**D.    Web Blogs and Other Forums for engaging in communications**

  I. If an aggrieved individual owns and hosts her own web-blog, she shall disclose the username and password to the Special Master. The Special Master shall download and preserve all public content, including posts, pictures, and videos, and produce this content to the Court for an *in camera* review for relevance.

  II. Additionally, the aggrieved individual shall identify to the Special Master any web blog or public internet forum where the aggrieved individual posted during the relevant time period, to exclude banking, commercial or shopping, political, and internet date or dating forums.

**E.    Cell Phones:**

  I. The aggrieved individual is required to provide to the Special Master with all cell phones in her custody or control, which she personally owned or had in her possession during the relevant time period specified in Part A, with the exception of phones provided to her by her employer.

  II. The Special Master shall download and preserve all email communications between the following recipients and produce them to the Court for an *in camera* review for relevance:

    1. All electronic communications exchanged between and among the 13 remaining aggrieved individuals.
    2. All electronic communications exchanged between the aggrieved individual and James ("Jimmy") Jackman.
    3. All electronic communications exchanged between the aggrieved individual and Donna Wagner-Rago.
    4. All electronic communications exchanged between the aggrieved individual and Tim Franklin.
    5. All electronic communications exchanged between the aggrieved individual with an HBH corporate email account (*i.e.*, @hbham.com).
    6. All electronic communications exchanged between the aggrieved individual with Michal ("Mike") Costello.
    7. All electronic communications exchanged between the aggrieved individual and Ami Huff.
    8. All electronic communications exchanged between the aggrieved individual with Molly Kesmodel.
    9. All electronic communications exchanged between the aggrieved individual with Cindy Sutton.

  III. All email communications with individuals other than those listed in Paragraph E.II., will

be searched as provided by Part F of this Protocol.

**F.     Search Terms:**

I. The search term list below applies only to those electronic communications that are not otherwise addressed above. Specifically, electronic communications between the aggrieved individuals and key actors as identified in Paragraphs C.II and E.II are subject to full disclosure to the Court for *in camera* review, as is public social networking media captured under Part B.I, blogs and similar forums owned and controlled by an aggrieved individual as captured under Part D.I, and relevant blog public content captured under Part D.II.

II. All electronic communications captured under Parts C or E, between an aggrieved individual and individuals other than those identified in Paragraphs C.II and E.II, will be searched for the following terms. Any communication containing one or more of the following terms in the subject line or text of the message will be provided to the court for an *in camera* review for relevance unless designated as privileged:

1. Jimmy
2. James
3. Jackman
4. Donna
5. Wagner
6. Wagner-Rago
7. Rago
8. HoneyBaked
9. HBH
10. ham
11. sexual harassment
12. sexually harassed
13. (money OR $) AND lawsuit
14. lawsuit
15. sex* AND (Jimmy OR Jackman)
16. touch* AND (Jimmy OR Jackman)
17. rub* AND (Jimmy OR Jackman)
18. sex* AND (HBH OR HoneyBaked)
19. harass* AND (HBH OR HoneyBaked)
20. harass* AND (Jimmy OR Jackman)
21. harass* AND (Donna OR Wagner-Rago)
22. wet-willie
23. fired
24. retaliat*
25. Costello
26. (Mike OR Michael) AND (H.R. OR corporate*)

27. H.R.
28. Human Resources
29. Franklin
30. Huff
31. Suhail-Lewis
32. Cabrera (to exclude Ms. Cabrera's own electronic communications)
33. Gunther (to exclude Ms. Gunther's own electronic communications)
34. Gountanis (to exclude Ms. Gountanis' own electronic communications)
35. Thomas (to exclude Ms. Thomas' own electronic communications)
36. Haider (to exclude Ms. Haider's own electronic communications)
37. Ramirez (to exclude Ms. Ramirez's own electronic communications)
38. Fye (to exclude Ms. Haider's own electronic communications)
39. Sakalyte (to exclude Ms. Sakalyte's own electronic communications)
40. Shoemaker (to exclude Ms. Shoemaker's own electronic communications)
41. Sbravati (to exclude Ms. Sbravati's own electronic communications)
42. Mondragon (to exclude Ms. S. Mondragon's own electronic communications)
43. Witchard (to exclude Ms. Witchard's own electronic communications)
44. Jones (to exclude Ms. Jones' own communications)
45. interview
46. application
47. applied
48. quit

In addition, the Court will include from Defendant's proposed search terms the following additional words:

49. $ W/5 (case* OR settl* OR pay OR paid OR money)
50. accus* W/2 they
51. affect*
52. agreement W/1 settl*
53. annoy*
54. anxiety
55. attorney*
56. boob*
57. boss*
58. breast
59. cash W/5 (make OR settle OR get OR paid OR pay)
60. chest
61. claim*
62. class W/1 action
63. complain*

64. convic*
65. court*
66. crisis
67. cunt
68. cuss*
69. customer
70. damages
71. demot*
72. depress*
73. discharge
74. disciplin*
75. discrim*
76. distress* W/1 emotion
77. employ*
78. erection
79. evidence
80. fun*
81. gorgeous
82. grabbed
83. harass*
84. hard W/10 butt!
85. hard W/1 on
86. host* W/3 environ*
87. honey-baked OR honey baked
88. humiliat*
89. inapprop*
90. injur*
91. interview*
92. JJ
93. job*
94. justice
95. legal
96. manager
97. occupation*
98. on video
99. penis
100. policy
101. promot*
102. recover*
103. he rub*
104. settle*

105. sexual
106. shock*
107. termin*
108. threesome
109. transfer* (to apply only to Ms. Jones's communications)
110. unemployed (to apply only to the electronic communications of Mses. Cabrera, Gunther, Sakalyte, Shoemaker, and Sbravati)
111. victim
112. write up OR wrote up OR written up
113. written OR final warning
114. wet W/10 (willie OR willy)
115. wet W/3 gave
116. witness*
117. won W/5 case
118. womanizer